IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

H.H, a minor, by and through
her mother and next friend, H.F.,
and H.F.,

          Plaintiffs,

v.                                               Civil Action No. 3:07CV223

CHESTERFIELD COUNTY SCHOOL BOARD, et al.,

          Defendants.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANTS CHESTERFIELD COUNTY SCHOOL BOARD
AND DR. MARCUS J. NEWSOME, SUPERINTENDENT

      Defendants Chesterfield County School Board ("School Board") and Dr. Marcus J. Newsome, Superintendent of Chesterfield County Public Schools ("Dr. Newsome"), have filed a Motion to Dismiss the Complaint of H.H. and H.F. ("Plaintiffs"). This memorandum is filed in support of that motion.

I. ARGUMENT

A.     Dr. Newsome Should Be Dismissed As A Defendant.

     1.     Plaintiffs Fail To State A Claim Against Dr. Newsome.

      Dr. Newsome is named as a defendant in his official capacity as Superintendent of Schools, but there are no factual allegations relating to him, no cause of action asserted against him, and no relief sought from him. The sole allegation which mentions Dr. Newsome states:

> Defendant Marcus J. Newsome is the Superintendent of the Chesterfield County Public Schools and, as such, has supervisory responsibility over the schools operated by CCSB, including but not limited to responsibility for ensuring that CCSB employees comply with federal and state laws. He is an appropriate party because of the nature of the relief sought by the Plaintiffs. He is sued in his official capacity only.

Complaint at ¶ 12.

This allegation, which is conclusory at best, is insufficient to state a claim against Dr. Newsome.  See Myers v. Loudoun County Sch. Bd., 2007 U.S. Dist. 53049, *40 - 41 (E.D. Va. 2007) (dismissing school superintendent where he was mentioned only briefly in the complaint, no cause of action was asserted against him, and no relief was sought from him), a copy of which is attached hereto as Exhibit A.  Accordingly, the Complaint should be dismissed as to Dr. Newsome.

      2.      <u>Dr. Newsome Is Not A Proper Or Necessary Party To This Action</u>.

When claims are asserted against both a school board and its superintendent in his official capacity, the superintendent should be dismissed form the action.  See, e.g., Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) (holding that a claim against a school superintendent in his official capacity "is essentially a claim against the [School] Board and thus should be dismissed as duplicative"); Myers, 2007 U.S. Dist. 53049 at * 40 (dismissing school superintendent sued in his official capacity because, "[w]hen sued in their official capacities, 'suits against officers of an entity generally represent only another way of pleading a suit against the entity of which the officer is an agent.'") (quoting Bracey v. Buchanan, 55 F. Supp. 2d 416, 420 (E.D. Va. 1999)); M.S. v. Fairfax County Sch. Bd., 2006 U.S. Dist. LEXIS 53323, *12 (E.D. Va. 2006) (dismissing claims against school administrators in their official capacities because such claims were "duplicative" of the claims against the school board), a copy of which is attached hereto as Exhibit B.

Each of the six counts in the Complaint is asserted against the School Board.  Any claim against Dr. Newsome in his official capacity[1] would be duplicative of such claims against the School Board.  Therefore, employing the analysis set forth by the Fourth Circuit and by this Court, Dr. Newsome should be dismissed from this action.

---

[1] None of the Counts in the Complaint are asserted against Newsome.

- 2 -

B.     The School Board Is Not Liable For Any Violation Of Liberty Interests.

Plaintiff H.H. asserts, in Count IV, a claim against the School Board under 42 U.S.C. § 1983 for violation of her liberty interests. Assuming, arguendo, that the allegations make out a violation of H.H.'s liberty interests, Count IV should be dismissed against the School Board because Plaintiff has failed to allege facts sufficient to show that the School Board is liable under § 1983.[2]

Plaintiff alleges that the School Board is liable under § 1983 "by virtue of its ratification of [the alleged] acts and failures [of Moffett and Minguzzi]." Complaint at ¶ 62. However, Plaintiff has not and cannot allege facts showing that the School Board ratified any of the alleged acts and failures.

School boards cannot be held liable vicariously under § 1983 under a *respondeat superior* theory of liability. See, e.g., Bd. of County Comm'rs of Byran County v. Brown, 520 U.S. 397, 137 L.Ed.2d 626, 639 (1997) (stating that the Court has "consistently refused to hold [school boards] liable under a theory of *respondeat superior*."); J.S. v. Isle of Wight County Sch. Bd., 368 F. Supp. 2d 522, 526 (E.D. Va. 2005) ("There is no *respondeat superior* liability under § 1983"); Ashby v. Isle of Wight County Sch. Bd., 354 F. Supp 2d 616, 625 (E.D. Va. 2004) ("a municipality may not be held liable under the doctrine of *respondeat superior*" ). Therefore, to hold a school board liable for the acts of its employees, a plaintiff must show that the school board ratified such action. See Ashby, 354 F. Supp. 2d at 628.

Ratification of an act requires knowledge of the act and some cognizable action to approve the act. Ashby, 354 F. Supp. 2d at 627 - 29. In Virginia, a "[School] Board acts through official votes, recorded in the official minutes." Id. at 628. In Ashby, the plaintiff made no allegation that any member of the school board was aware of the act which caused the alleged

---

[2] The School Board reserves the right to challenge whether Plaintiff's allegations even make out a claim for deprivation of a liberty interest.

- 3 -

constitutional violation. The Court held that the school board did not have the requisite knowledge and therefore never had the opportunity to ratify the act so the Plaintiff's first § 1983 claim failed. Id. Moreover, with respect to the second § 1983 claim, the Court in Ashby noted that the plaintiff did not show that the school board acted through an official vote recorded in the official minutes. Accordingly, the Court found that the school board had not ratified the act. Id. at 628. In the present case, Plaintiff makes no allegation that the School Board or any of its members had any knowledge of any of the alleged acts and failures of Moffett and Minguzzi. Moreover, the Plaintiff makes no allegation that the School Board took any action to approve the alleged acts. Accordingly, Plaintiff's claim that the School Board is liable under § 1983 must fail and Count IV should be dismissed against the School Board.

      C.      <u>The School Board Is Entitled To Sovereign Immunity With Respect To The State Tort Claims</u>.

Plaintiff H.H. asserts two state law tort claims against the School Board – intentional infliction of emotional distress (Count V[3]) and false imprisonment (Count VI). Both of the state law tort claims should be dismissed against the School Board on the ground of sovereign immunity.

In Virginia, a school board is considered "an arm of the state" and therefore enjoys the sovereign immunity of the state. See Kellam v. Sch. Bd. of the City of Norfolk, 202 Va. 252. 254 (1960). Further, "in the absence of a statute waiving its immunity, a school board is immune from liability arising out of negligence and intentional tort claims." Hill v. James, 2006 U.S. Dist. LEXIS 69453, *14 (E.D. Va. 2006), a copy of which is attached hereto as Exhibit C. Cf. Campbell v. Bd. of Supervisors of Charlotte County, 553 F. Supp. 644, 645 (E.D. Va. 1982) ("It appears to be settled law in Virginia that a county and its subdivisions enjoy non-waiverable complete tort immunity for intentional torts."). Plaintiff makes no allegation, nor could she, that

---

[3] The Count is misnumbered in the Complaint as Count IV.

the School Board's sovereign immunity has been waived with respect to the state tort claims asserted in Counts V and VI.  Accordingly, Counts V and VI should be dismissed against the School Board.

## II.  CONCLUSION

For the reasons stated above, the School Board and Dr. Newsome respectfully request that this Court enter an Order granting their Motion to Dismiss, dismissing Dr. Newsome from this action, dismissing Counts IV, V, and VI against the School Board, and awarding such other relief as the Court may deem appropriate.

        Respectfully submitted,

        CHESTERFIELD COUNTY SCHOOL BOARD
        and DR. MARCUS J. NEWSOME, SUPERINTENDENT
        By Counsel

_____/s/_____
Stacy L. Haney, Esquire
VSB No. 71054
REED SMITH LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
Telephone: (804) 344-3400
Fax: (804) 344-3410
shaney@reedsmith.com
    *Counsel for Chesterfield County School Board*
    *and Dr. Marcus J. Newsome, Superintendent*

**CERTIFICATE OF SERVICE**

   I certify that on the 28th day of August, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Steven C. Piepgrass, Esquire
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23219
stephen.piepgrass@troutmansanders.com
   *Counsel for Plaintiffs*

Steven L. Micas, Esquire
Chesterfield County Attorney's Office
P.O. Box 40
Chesterfield, Virginia 23832
micass@chesterfield.gov
   *Counsel for Wanda Moffett and Ann Minguzzi*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

William H. Hurd, Esquire
Stephen A. Northup, Esquire
Siran S. Faulders, Esquire
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
   *Counsel for Plaintiffs*

              /s/
            Stacy L. Haney, Esquire
            VSB No. 71054
            REED SMITH LLP
            Riverfront Plaza, West Tower
            901 East Byrd Street, Suite 1700
            Richmond, VA 23219
            Telephone: (804) 344-3400
            Fax: (804) 344-3410
            shaney@reedsmith.com
              *Counsel for Chesterfield County School Board*
              *and Dr. Marcus J. Newsome, Superintendent*