**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **H.H., a minor, by and through her mother and next friend, H.F.; and H.F.;** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. 3:07cv223** |
| **CHESTERFIELD COUNTY SCHOOL BOARD, *et al.*,** | ) | |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO MOTION TO DISMISS OF DEFENDANTS CHESTERFIELD COUNTY SCHOOL BOARD AND DR. MARCUS J. NEWSOME, SUPERINTENDENT**

This memorandum is filed by the Plaintiff, H.H., a minor, by and through her mother and next friend, H.F., and by the Plaintiff H.F. in her own right, by counsel, in response to the motion to dismiss filed by the Chesterfield County School Board and Dr. Marcus J. Newsome, Superintendent.

**Introduction**

As explained in the Complaint, this case arises out of the gross neglect and abuse of a six-year old child with disabilities by the public school employees into whose care she was entrusted. It is a case involving long periods of physical restraint, deliberate neglect and verbal abuse – all suffered by a little girl who was helpless to defend herself or even to speak out against her wrongdoers. It is also a case involving retaliation by those employees because of the mother's advocacy for the rights of the disabled.

The Plaintiffs have named four defendants, including the Chesterfield County School Board ("the School Board") and its Superintendent, Dr. Marcus J. Newsome, who is sued only in

his official capacity. These two defendants have moved to dismiss *a portion* of the Complaint, and it is their motion that is the subject of this memorandum. The other two defendants, Wanda Moffett and Michelle Minguzzi, are the school system employees most directly responsible for the neglect and abuse of the child. Represented separately, they are not parties to the motion now at hand.

**The Claims Against Dr. Newsome Should Not be Dismissed.**

In his memorandum, Dr. Newsome makes two arguments. He first contends that the plaintiffs failed to state a claim against him, an argument that is apparently intended to invoke Fed. R.Civ. P. 12(b)(6). He then contends that he is not a proper or necessary party. Both arguments are misplaced.

Dr. Newsome first claims that "there are no factual allegations relating to him, no cause of action asserted against him, and no relief sought from him." Def. Mem. at 1. He is mistaken. For example, the Complaint alleges that "CCSB *management personnel*… were aware – or reasonably should have been aware – of the acts and failures by Moffett, Minguzzi and/or other CCSB employees. Yet CCSB took no corrective action, and thereby ratified those acts and failures." *See* Complaint, ¶ 36 (emphasis added). The Superintendent is certainly part of the management personnel of the school system. Moreover, the Complaint seeks equitable relief against the Superintendent, asking the Court "[to] issue a permanent injunction against *all* Defendants enjoining further violations of the rights of H.H. and H.F." *See* Complaint, Prayer for Relief, ¶ (f) (emphasis added).[1] Thus, insofar as Dr. Newsome asks to be dismissed based on an alleged failure to state a claim, his motion is ill-advised and should be denied.

---

[1] In support of his Rule 12(b)(6) argument, Dr. Newsome cites a recent, unpublished decision, *Myers v. Loudoun County Sch. Bd.*, 2007 U.S. Dist. LEXIS 53049 (E.D. Va. July 23, 2007); however, that decision does not help him. A careful reading of *Myers* shows that the

Dr. Newsome then contends that he is not a proper or necessary party. In support of that argument he cites *Love-Lane v. Martin*, 353 F.3d 766, 783 (4th Cir. 2004), where the Court held that a claim against a school superintendent "is essentially a claim against the Board and thus should be dismissed as *duplicative*." (Emphasis added.) However, in *Love-Lace*, it does not appear that the plaintiff sought any *injunctive* relief against the superintendent. In sharp contrast, the plaintiffs in the case at bar clearly seek injunctive relief against Dr. Newsome. *See* Complaint, Prayer for Relief, ¶ (f). This is the principal reason he was named as a defendant. *See* Complaint, ¶ 12. ("[Dr. Newsome] is an appropriate party because of the nature of the relief sought against him.").

The appropriateness of retaining Dr. Newsome as a defendant is underscored by the sovereign immunity claim raised by the School Board. *See* Def. Mem. at 4-5. If it were to be determined that the School Board is entitled to immunity against injunctive relief, such immunity would not defeat a claim for injunctive relief against Dr. Newsome, in his official capacity. *See generally, Ex Parte Young*, 209 U.S. 123 (1908). Thus, he should be retained as a defendant. If the School Board were to stipulate that sovereign immunity does not shield it from injunctive relief under any of the plaintiffs' claims – *and* if these two defendants were to stipulate that the Superintendent is subject to the School Board's direction and control in all matters – then the presence of the Superintendent as a defendant may be unnecessary. Thus far, however, no such

---

superintendent in that case was sued in his *individual* capacity. *See id.* at *40. Moreover, that case involved the pledge of allegiance, not the abuse of a child. Because the claims are different, the allegations needed to state a claim are different. Finally, in *Myers*, the court considered *evidence* submitted by the superintendent and the lack of any countervailing evidence submitted by the *pro se* plaintiff. *See id.* at *41-43. In effect, the decision in *Myers*, was based on summary judgment, not Rule 12(b)(6). No evidence has been submitted by Dr. Newsome, and no useful comparison between the two cases can be made.

stipulation has been made. Dismissal of Dr. Newsome is, at best, premature. His motion should be denied.

**The School Board is Liable Under 42 U.S.C. § 1983 for Violation of H.H.'s Constitutional Liberty Interests.**

The School Board seeks to be dismissed from the case on the basis that school boards cannot be held liable under 42 U.S.C. § 1983 for the acts of their agents under a *respondeat superior* theory of liability. However, the School Board mischaracterizes the H.H.'s claim. H.H. does not seek to hold the School Board liable under § 1983 under a theory of *respondeat superior*. Rather, she seeks to impose liability based on the School Board's ratification of its agents' acts. Complaint ¶ 62 ("CCSB is liable for all of said injuries and losses by virtue of its ratification of those acts and failures").

The School Board then claims that it cannot be held liable for the acts of its agents because it did not ratify these acts by an "official vote." Def. Mem. at 4. Yet the U.S. Supreme Court has explained that a school board *can* be held liable when the unlawful action complained of implements an official policy, and the policy need not have "received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Indeed, an act that gives rise to liability need not be committed to writing, and need not be a "fixed plan[] of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (U.S. 1986). Instead, an action giving rise to liability can simply be "a course of action tailored to a particular situation and not intended to control decisions in later situations." *Id.* And, importantly, even a single decision to take a particular course of action by a single official "whose acts or edicts may fairly be said to

represent official policy . . . may give rise to municipal liability under § 1983." *Id.* at 480 (internal citation omitted).[2]

The Plaintiffs specifically allege that "CCSB management personnel, including but not necessarily limited to the O.B. Gates principal and/or assistant principal were aware – or reasonably should have been aware – of the acts and failures by Moffett, Minguzzi and/or other CCSB employees. Yet CCSB took no corrective action, and thereby ratified those acts and failures." Complaint ¶ 36. Under *Pembaur* and *Monell*, these allegations state a claim against the School Board and are sufficient to survive a Rule 12(b)(6) motion to dismiss. Such a motion must be denied "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005).

**The School Board's Sovereign Immunity Claim is Without Merit.**

The School Board seeks to dismiss the state law claims on the theory that it is "an arm of the state" and, thus, enjoys the sovereign immunity of the state. Def. Mem. at 4. The School Board is mistaken. As the Virginia General Assembly has clearly explained, "'School Boards' as defined in [Virginia Code] § 22.1-1 are *not* state agencies nor are employees of school boards state employees." Va. Code § 8.01-195.2 (emphasis added).

In light of this statute, the cases cited by the School Board do not reflect the current state of the law. For example, the School Board cites *Kellam v. School Bd.*, 202 Va. 252, 117 S.E.2d

---

[2] The School Board's reliance on *Ashby v. Isle of White County Sch. Bd.*, 354 F. Supp. 2d 616 (E.D. Va. 2004), is misplaced. *Ashby* is inapposite for the simple reason that it was resolved on summary judgment rather than on a motion to dismiss pursuant to Rule 12(b)(6). Indeed, in *Ashby*, the school board's motion to dismiss the claims against it was denied. *Id.* at 623. Here, as in *Ashby*, Plaintiffs are entitled to take discovery and develop the record regarding the School Board's ratification of the acts of its agents.

96 (1960); however, that case pre-dates the 1986 enactment of the statute on which the plaintiffs rely. *See* 1986 Va. Acts, ch. 534. The School Board also cites *Campbell v. Board of Supervisors*, 553 F. Supp. 644, 645 (E.D. 1982); however, that case involved a claim against a board of supervisors, not a school board, and it likewise pre-dates the statute on which the plaintiffs rely. The most recent case cited by the School Board is *Hill v. James*, 2006 U.S LEXIS 69453 (E.D. Va. Sept. 27, 2006). However, nothing in that case suggests that the plaintiffs ever called the relevant statute to the attention of the court. Virginia Code § 8.01-195.2 is simply not mentioned.

The School Board gives no reason why the Court should disregard the plain language of Virginia law. Because school boards are not agencies of the state, they do not enjoy sovereign immunity. The motion to dismiss should be denied.

**Conclusion**

For the foregoing reasons, the motion to dismiss should be denied.

H.H., a minor, by and through her
mother and next friend, H.F.; and H.F.

By____________/s/__________________
Stephen C. Piepgrass

William H. Hurd (VSB No. 16769)
Stephen A. Northup (VSB No. 16547)
Siran S. Faulders (VSB No. 24328)
Stephen C. Piepgrass (VSB No. 71361)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1335 (phone)
(804) 698-6058 (fax)
stephen.piepgrass@troutmansanders.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 14th day of September, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

D. Patrick Lacy
Kathleen S. Mehfoud
Stacy L. Haney
REEDSMITH, LLP
Riverfront Plaza – West Tower
901 East Byrd Street
Suite 1700
Richmond, Virginia 23219
placy@reedsmith.com
kmehfoud@reedsmith.com
shaney@reedsmith.com

*Counsel for Defendants Chesterfield County School Board and Marcus J. Newsome*

Steven L. Micas, Esquire
Chesterfield County Attorney
9901 Lori Road
Suite 503
P.O. Box 40
Chesterfield, Virginia 23832
micass@chesterfield.com

*Counsel for Defendants Wanda Moffett and Ann Minguzzi*

/s/
Stephen C. Piepgrass

1651347