IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| H.H., a minor, by and through her mother her mother and next friend, H.F.; and H.H. | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 3:07cv223 ) |
| CHESTERFIELD COUNTY SCHOOL BOARD, *et al.,* | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' RULE 56(F) MOTION**

Plaintiffs, H.H., a minor, by and through her mother and next friend, H.F., and H.F. in her own right, by counsel, state the following in support of their motion for a continuance pursuant to Fed.R.Civ.P. 56(f) for a reasonable period of time to permit discovery to be obtained in opposition to the Motion for Summary Judgment filed by defendants Wanda Moffett and Ann Minguzzi:

**Introduction**

As explained in the Complaint, this case arises out of the gross neglect and abuse of a six-year old child with disabilities by the public school employees into whose care she was entrusted. It is a case involving long periods of physical restraint, deliberate neglect and verbal abuse – all suffered by a little girl who was helpless to defend herself or even to speak out against her wrongdoers. It is also a case involving retaliation by those employees because of the mother's advocacy for the rights of the disabled.

The Plaintiffs have named four defendants, including the Chesterfield County School Board ("the School Board") and its Superintendent, Dr. Marcus J. Newsome, and Wanda Moffett

and Michelle Minguzzi, the school system employees most directly responsible for the neglect and abuse of the child.  Moffett and Minguzzi filed a Motion for Summary Judgment.  Not only is their Motion meritless, it is premature.

### Procedural History and Facts

1. On or about August 6, 2007, this case was served on Minguzzi.

2. On or about August 7, this case was served on Moffett.

3. On or about August 27, they filed their Answers.

4. On or about September 7, they filed their Motion for Summary Judgment.

5. No discovery has occurred to date.  No trial date is set.

6. Moffett and Minguzzi attached 21 affidavits to their Motion for Summary Judgment.  Plaintiffs have not had the opportunity to interview or depose Moffett, Minguzzi or any of the other affiants.  Many of the affiants are employees of the County and may only be contacted through the County's counsel.

7. Upon information and belief, plaintiffs have yet to obtain a secret notebook that was maintained by Moffett, the teacher, in the class room that related directly to her dealings with H.F. and H.H.  H.F. and her mother, Vicki Duke, have seen this notebook.  But the County denies it exists.  Discovery needs to be done on this issue, and the notebook needs to be turned over.

8. Plaintiffs incorporate by reference their Statement of Facts contained in their Memorandum in Opposition to the Motion for Summary Judgment.  Needless to say, there are significant disputed facts.  Most of the information regarding these disputed facts is in the possession of Moffett and Minguzzi, and the other affiants and defendants.

9. Attached to the Rule 56(f) Motion is the affidavit of Kevin W. Mottley, which is incorporated herein by reference.

### Argument

The requirement that the non-moving party respond specifically to a summary judgment motion is qualified by Rule 56(f)'s requirement that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5. (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (noting that summary judgment is appropriate only "after adequate time for discovery"); *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) (same), *cert. denied*, 502 U.S. 1095 (1992). Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Generally speaking, "sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party." *Harrods Ltd. v. Sixty Internet Names, et al.*, 302 F.3d 214, 247 (4th Cir. 2002) (citing 10B Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2741, at 419 (3d ed. 1998)). "And summary judgment prior to discovery can be particularly inappropriate when a case involves complex factual questions about intent and motive." *Id*. (citing *Illinois State Employees Union v. Lewis*, 473 F.2d 561, 565-66 (7th Cir. 1972) (motive); *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 898 F.2d 946, 949-50 (3d Cir. 1990) (complex questions)).

Here, there has been neither discovery nor "adequate time" to conduct any because the case was only served on defendants a few weeks ago. *Celotex Corp.*, 477 U.S. at 322. Many, if not most, of the relevant facts are exclusively in the control of defendants.

Depositions will be required to discover facts held by employees of the County -- employees who may not be contacted by plaintiffs. Some of these current or former employees did not offer affidavits for Moffett and Minguzzi, which raises a question as to whether their testimony would support or contradict the Motion for Summary Judgment.

The case involves complex factual issues concerning events that largely occurred behind closed doors at school while H.H.'s mother, H.F., and her grandmother, Duke, were not present. Discovery is obviously necessary for them to fully review the truth about what happened. For example, Moffett and Minguzzi allege that they restrained plaintiff in her wheelchair "only to protect H.H.'s safety," and seek summary judgment before H.F. has an opportunity to investigate this claim through discovery. Memorandum in Support at 23.

As set forth in Mr. Mottley's affidavit, discovery is needed from defendants and their affiants on these issues. Therefore, the Motion for Summary Judgment is premature, and plaintiffs should be allowed an extension of time to conduct appropriate discovery to fully respond to the Motion.

## Conclusion

For the foregoing reasons, the Rule 56(f) Motion should be granted.

                H.H., a minor, by and through her
                mother and next friend, H.F.; and H.F.


                By_____/s/_____
                      Stephen C. Piepgrass

5

William H. Hurd (VSB No. 16769)
Stephen A. Northup (VSB No. 16547)
Siran S. Faulders (VSB No. 24328)
Kevin W. Mottley (VSB No. 40179)
Stephen C. Piepgrass (VSB No. 71361)
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23219
(804) 697-1320 (phone)
(804) 698-5147 (fax)
stephen.piepgrass@troutmansanders.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 21st day of September, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| D. Patrick Lacy<br>Kathleen S. Mehfoud<br>Stacy L. Haney<br>REEDSMITH, LLP<br>Riverfront Plaza – West Tower<br>901 East Byrd Street<br>Suite 1700<br>Richmond, Virginia 23219<br>placy@reedsmith.com<br>kmehfoud@reedsmith.com<br>shaney@reedsmith.com<br><br>*Counsel for Defendants Chesterfield County School Board and Marcus J. Newsome* | Steven L. Micas, Esquire<br>Chesterfield County Attorney<br>9901 Lori Road<br>Suite 503<br>P.O. Box 40<br>Chesterfield, Virginia 23832<br>micass@chesterfield.com<br><br>*Counsel for Defendants Wanda Moffett and Ann Minguzzi* |

                                                              /s/
                                       Stephen C. Piepgrass (VSB No. 71361)
                                       TROUTMAN SANDERS LLP
                                       1001 Haxall Point
                                       P.O. Box 1122
                                       Richmond, Virginia 23219
                                       (804) 697-1320 (phone)
                                       (804) 698-5147 (fax)
                                       stephen.piepgrass@troutmansanders.com

                                       *Counsel for Plaintiffs*

1653152v1