IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

H.H., a minor, by and through
  her mother and next friend, H. F.,
  and H. F.;

                                Plaintiff,

v.                                        Civil Action No. 3:07CV223

CHESTERFIELD COUNTY SCHOOL BOARD, ET AL,

                                Defendants.

## <u>MEMORANDUM IN SUPPORT OF</u><br><u>MOTION FOR PROTECTIVE ORDER</u>

COME NOW the defendants, Wanda Moffett in her individual capacity and Ann Minguzzi in her individual capacity, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and move the Court for entry of a Protective Order suspending discovery as to them in this case pending a ruling from the Court on their Motion For Summary Judgment citing the defense of qualified immunity.  In support of this Motion, Moffett and Minguzzi file the following Memorandum of Law.

### Statement of Case

On April 17, 2007, the plaintiffs, H.H., a severely disabled six-year old child and her mother, H.F., filed this lawsuit against H.H.'s kindergarten teacher, Moffett, and one of Moffett's classroom aides,  Minguzzi, in which they claim that Moffett and Minguzzi deprived H.H. of her Fourteenth Amendment liberty interest by "unnecessarily restraining" H.H. in her wheelchair with a lap belt for "a majority" of the school day; that Moffett and Minguzzi "ignored" H.H., and that Moffett and Minguzzi "failed to provide

services" to H.H.[1]  The lawsuit was not served on Moffett and Minguzzi until August 7, 2007, and they filed a timely answer on August 27.

In their Answer, Moffett and Minguzzi asserted the defense of qualified immunity to the Fourteenth Amendment liberty interest claim.  Consistent with their obligation to insure that their qualified immunity defense was decided "at the earliest stages of litigation," Moffett and Minguzzi filed a Motion for Summary Judgment on September 7, 2007.  Behrens v. Pelletier, 516 U.S. 299, 308 (1996).  In the Motion For Summary Judgment, Moffett and Minguzzi established that H.H. was not secured in her wheelchair except when necessary for her educational instruction, that she was not ignored, and that she received substantial instructional services from numerous Chesterfield County school teachers and therapists.   In an effort to contradict this evidence, H.F. and H.H. claimed that evidence contained on three audio recordings, which were surreptitiously and illegally made by H.F. when she strapped a recording device to the bottom of H.H.'s wheelchair over a three day period, supported their claims.   However, Moffett and Minguzzi have established that the audio recordings not only do not support the plaintiffs' claims, they actually contradict them.  Accordingly, Moffett's and Minguzzi's Motion for Summary Judgment, which is scheduled to be heard on November 19, 2007, is ripe for decision by the Court.

On October 17, 2007, H.H. and H.F. served Interrogatories and Requests for

---

[1] The lawsuit also asserted claims against the Chesterfield County School Board and the School Superintendent under the Americans With Disabilities Act and the Rehabilitation Act, and state tort claims for false imprisonment and intentional infliction of emotion distress against the School Board, Superintendent, Moffett and Minguzzi.

Production of Documents on Moffett and Minguzzi.[2]  Copies of the Interrogatories and Requests are attached to this Motion.  Since it is improper for Moffett and Minguzzi to be exposed to discovery while they have a summary judgment motion for qualified immunity pending, Moffett and Minguzzi now move the Court for entry of an order protecting them from discovery.[3]

### Legal Argument

It is well-settled that federal courts are to protect public officials against the burdens of discovery and trial until the threshold question of qualified immunity has been resolved as a matter of law.  See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818 (1977) ("Until this threshold immunity question is resolved, discovery should not be allowed"); Anderson v. Creighton, 483 U.S. 635, 645 n.6 (1987) ('it should first be determined whether the actions [the plaintiff] allege[s] [the defendant] to have taken are actions that a reasonable [official] could have believed lawful.  If they are, then [the defendant] is entitled to dismissal prior to discovery.")  Crawford-El v. Britton, 523 U.S. 574, 598-600 (1998).  (Plaintiff is not entitled to discovery unless his case survives the "initial hurdle" of summary judgment in response to a qualified immunity defense.)

The purpose of making the threshold determination with regard to qualified immunity is to allow the trial court to "weed out insubstantial §1983 claims without

---

[2] Interrogatories and Requests for Production were also served on the Defendants Newsome and School Board.  No requests to take depositions have been made at this time.

[3] Counsel for Moffett and Minguzzi have discussed the fact that their clients are protected against discovery with counsel for H.H. and H.F., but counsel for H.H. and H.F. have refused to recognize that protection and have insisted that discovery be conducted. Accordingly, counsel has complied with its obligation to confer in good faith with opposing counsel to attempt to avoid the need for filing this motion.

resort to a trial or extensive pre-trial proceedings." <u>American Civil Liberties Union v.</u>

<u>Wicomoco County, Maryland,</u> 999 F.2d 780, 784 (1993)

> "The district courts should first focus on whether the plaintiff has established constitutional violations before determining whether material issues of fact are present. No material issues can be in dispute where the plaintiff's evidence fails to establish a constitutional violation."

<u>Id.</u>, quoting <u>Bennett v. Parker,</u> 898 F.2d 1530, 1534 (11th Cir.), <u>cert. denied</u>, 498 U.S.

1103 (1991).  <u>See also DiMeglio v. Haines</u>, 45 F. 3d 190, 195 (4th Cir. 1995)

Contrary to the plaintiffs' contention that there are material factual disputes in this

case, the plaintiffs have failed to establish a violation of the only constitutional right

which they claim was violated in this case, H.H.'s liberty interest right under the

Fourteenth Amendment.  The plaintiffs have conceded that: 1) when in her wheelchair,

H.H. was required to have her lap belt secured to prevent her from falling out (Plaintiff's

Memorandum in Opposition to Motion For Summary Judgment, p. 4), and 2) that H.H.

was out of her wheelchair for significant portions of the school day.[4]  See, for example,

Complaint ¶25(a) ("Moffett, Minguzzi and/or other CCSB employees kept H.H.

unnecessarily strapped and restrained in her wheelchair for 'hours at a time'") and

Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 7 ("Over

the course of three days, H.H. remained unnecessarily strapped in her wheelchair 'for the

majority of the school day".)

---

[4] As the <u>Anderson</u> court recognized, in cases where the trial court's initial determination on summary judgment indicates that there is a material factual dispute which is relevant to the qualified immunity defense, then some limited discovery may be permitted by the Court to resolve the dispute.  There are no such material factual disputes in this case, so discovery is not appropriate.  Moreover, under <u>Anderson</u> discovery is not permitted while the summary judgment motion is pending for determination by the Court.

Yet in response to Moffett's and Minguzzi's Motion for Summary Judgment, H.H. and H.F. have not cited a single case that supports the contention that it is a violation of a wheelchair bound student's Fourteenth Amendment liberty interest rights for the student to be in her wheelchair with the protective lap belt secured for substantial portions of the school day.  In fact, the only liberty interest restraint case cited by the plaintiffs, Jefferson v. Ysleta Independent School District, 817 F.2d 303 (5th Cir 1987), a case in which a student who was not wheelchair bound was lashed to a chair with a jump rope for the entirety of one and a half school days, departs so greatly from the facts of this case that Moffett and Minguzzi have cited it in support of their Motion for Summary Judgment as illustrative of the difference between the way H.H. was treated in this case and an actual, actionable liberty interest violation.

The other factual disputes which the plaintiffs cite also do not support H.H. and H.F.'s liberty interest claim.  Whether the IEP which H.F. agreed to was a legitimate, kindergarten IEP, as H.F. contends, or an extension of her pre-school IEP which school officials cobbled together when H.F. refused to work with them to establish an IEP, as the record establishes; whether H.H. received exactly 5.15 hours of services per day over the three day period when H.F. illegally placed her eavesdropping recording machine under H.H.'s wheelchair or whether, due to H.H.'s illness and IEP meeting on April 19 the amount of time she received services was reduced over that three day period; and whether some unidentified individual might have made a single offensive comment in H.H.'s presence, are all irrelevant to H.H. and H.F's liberty interest claim.  The plaintiffs have cited no cases to support the claim that offensive comments, the substantive content of an

IEP or the literal daily compliance with an IEP's terms are in any way related to a liberty

interest claim, which requires some measure of physical restraint or abuse of the plaintiff.

Since Moffett and Minguzzi have raised a qualified immunity defense, both in

their Answer and in their Motion for Summary Judgment, and H.H. and H.F. have not

established any evidence to support H.H.'s liberty interest claim.  The plaintiffs' are not

entitled to discovery, as established by <u>Harlow</u>, <u>Anderson</u>, and <u>Crawford-El</u>.

WANDA MOFFETT and
ANN MINGUZZI


By:    _____/s/_____
Steven L. Micas
Virginia State Bar Number 13431
Attorney for Wanda Moffett and
  Ann Minguzzi
Chesterfield County Attorney
P. O. Box 40
Chesterfield, Virginia 23832
Telephone  (804) 748-1491
Facsimile  (804) 717-6297
micass@chesterfield.gov


Steven L. Micas, VSB 13431
County Attorney
Stylian P. Parthemos, VSB 17360
Senior Assistant County Attorney
P. O. Box 40
Chesterfield, VA  23832
Telephone  (804) 748-1491
Facsimile  (804) 717-6297

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of October, 2007, I will electronically file the

foregoing Motion for Protective Order and Memorandum in Support of Motion with the

Clerk of the Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Stephen C. Piepgrass, Esquire
Attorney for H.H. and H.F.
TROUTMAN SANDERS LLP
1001 Haxall Point
P. O. Box 1122
Richmond, VA   23219
Telephone (804) 697-1320
Facsimile  (804) 698-5147
stephen.piepgrass@troutmansanders.com

D. Patrick Lacy, Esquire
Kathleen S. Mehfoud Esquire
Attorneys for Chesterfield County School Board
 and Marcus J. Newsome
ReedSmith, LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
placy@reedsmith.com; kmehfoud@reedsmith.com; shaney@reedsmith.com


_____
                    /s/
                    Steven L. Micas
                    Virginia State Bar Number 13431
                    Attorney for Wanda Moffett and
                         Ann Minguzzi
                    Chesterfield County Attorney
                    P. O. Box 40
                    Chesterfield, Virginia 23832
                    Telephone   (804) 748-1491
                    Facsimile   (804) 717-6297
                    micass@chesterfield.gov